## TURNER CONSTRUCTION COMPANY

### v.

### The UNITED STATES.

#### No. 562–83C.

United States Claims Court.

Dec. 5, 1985.

Thomas J. Kelleher, Jr., Atlanta, Ga., attorney of record, for plaintiff. Frank E. Riggs, Jr. and Smith, Currie & Hancock, Atlanta, Ga., of counsel.

George M. Beasley, III, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. William J. Snider, Washington, D.C., of counsel.

## OPINION

MEROW, Judge:

### Introduction

This matter comes before the court on defendant's motion for summary judgment and plaintiff's opposition thereto. At issue is whether plaintiff's claims are time barred.

### Facts

On November 6, 1972 plaintiff entered into a $20,873,000 contract with the General Services Administration (GSA) for the construction of an Environmental Control Laboratory in Cincinnati, Ohio.

On March 30, 1978, following the completion of the work required under the contract, plaintiff submitted a detailed statement of claims totalling over $2,000,000 to the GSA contracting officer. Subsequent to the effective date of the Contract Disputes Act, March 1, 1979, plaintiff elected to proceed with its then pending claims under this Act. 41 U.S.C. § 601 note. After several exchanges of correspondence which did not produce a decision(s) by the contracting officer, on December 23, 1982 plaintiff invoked the provisions of 41 U.S.C. § 605(c)(4) and petitioned the General Services Board of Contract Appeals (GSBCA) for an order requiring a contracting officer's decision(s) on the pending claims by no later than January 31, 1983. The GSBCA ordered a decision(s) on plaintiff's claims no later than February 15, 1983.

On January 31, 1983 the GSA contracting officer issued a decision(s) substantially denying plaintiff's contract claims. Plaintiff filed its direct action complaint in this matter, 41 U.S.C. § 609(a)(1), on September 8, 1983.

*Discussion*

Defendant moves for summary judgment, asserting that plaintiff's claims are time barred. Initially, defendant's motion relied upon the general six year limitations provision of 28 U.S.C. § 2501, but subsequent briefing has focused on the 12 months limitation provision set forth in the Contract Disputes Act, 41 U.S.C. § 609(a) (1982).[1]

The Contract Disputes Act contains several provisions with respect to the time within which contracting officer decisions are to be rendered. On a certified claim over $50,000, within sixty days of its submission a contracting officer shall issue a decision or notify the contractor of the time within which a decision will be issued. 41 U.S.C. § 605(c)(2). On claims under $50,-000, decisions shall be issued within sixty days of receipt by the contracting officer of a written request from the contractor that a decision be rendered within that period. 41 U.S.C. § 605(c)(1). The Act requires that decisions by a contracting officer on submitted claims be issued within a reasonable time. 41 U.S.C. § 605(c)(3). The Contract Disputes Act further provides that "[a]ny failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter." 41 U.S.C. § 605(c)(5).

■ On the facts of the present case it is undisputed that plaintiff did not file suit within twelve months of the date on which it was first authorized to do so under 41 U.S.C. § 605(c)(5). Plaintiff could have initiated a direct access suit in this court on its claims in 1979 by reason of the failure of the contracting officer to issue a decision(s) within the applicable time limits of the Contract Disputes Act. Had this suit been so instituted, on the basis of a deemed decision by the contracting officer, the suit could then, at the option of the court, have been stayed to obtain an actual decision by the contracting officer. 41 U.S.C. § 605(c)(5). While plaintiff elected to take board action to obtain an actual decision(s) by the contracting officer, pursuant to 41 U.S.C. § 605(c)(4), this was permissive administrative action. An actual contracting officer decision cannot be a mandatory prerequisite for a suit expressly authorized under 41 U.S.C. § 605(c)(5) in the absence of such a decision. *See Crown Coat Front Co. v. United States,* 386 U.S. 503, 87 S.Ct. 1177, 18 L.Ed.2d 256 (1967); *Nager Electric Co. v. United States,* 177 Ct.Cl. 234, 368 F.2d 847 (1966).

Defendant argues that, as plaintiff could have commenced suit in 1979 by reason of the deemed decision which occurs when the contracting officer fails to act, the 12 month limitations period of 41 U.S.C. § 609(a)(3) commenced to run at that time. If this limitations provision covers 41 U.S.C. § 605(c)(5) "deemed" decisions, then plaintiff's submitted claims became time barred somewhat before suit was commenced in this court.

■ Two decisions of this court have ruled that the cited 12 month limitations provision, 41 U.S.C. § 609(a)(3), does not apply to a 41 U.S.C. § 605(c)(5) "deemed" decision. *See The Vemo Co. v. United States,* 9 Cl.Ct. 217 (1985); *G & H Machinery Co. v. United States,* 7 Cl.Ct. 199 (1985). In line with the result reached in these decisions, it is concluded that, under its express language, 41 U.S.C. § 609(a)(3) applies only to an actual decision issued by a contracting officer. This provision does not apply to a deemed decision which would au-

---

1. With respect to direct action suits filed in this court, 41 U.S.C. § 609(a) provides (in relevant part) that any such matter "shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim, * * *."

thorize a direct access suit under 41 U.S.C. § 605(c)(5). Under 41 U.S.C. § 609(a)(3), time commences to run from "the date of the receipt by the contractor of the decision * * *." This 12 month limit provision contemplates that an actual "receipt" of an actual decision will occur. *See Kasler/Continental Heller/Fruin Colnon v. United States,* 9 Cl.Ct. 187 (1985). There can be no such actual "receipt" of a decision which does not truly exist but whose existence is only "deemed" for the purpose of authorizing a suit on the undecided claims.

■ Absent application of 41 U.S.C. § 609(a)(3), the question remains as to whether any statutory time limit applies to the filing of a suit authorized by 41 U.S.C. § 605(c)(5). Except where it has been rendered inapplicable, 28 U.S.C. § 2501 covers "[e]very claim of which the United States Claims Court has jurisdiction * * *." If "deemed" decision contract claim suits are not covered by 41 U.S.C. § 609(a)(3), they must fall within the otherwise all-inclusive coverage of 28 U.S.C. § 2501. *But see Kasler/Continental Heller/Fruin Colnon v. United States, supra.* Under 28 U.S.C. § 2501 suit must be filed within six years after the claim first accrues. A claim against the United States first accrues on the date when all events have occurred which entitle the claimant to institute an action. *Oceanic Steamship Co. v. United States,* 165 Ct.Cl. 217 (1964).

■ As noted, all events having occurred, *i.e.,* the failure to issue a timely

decision, plaintiff was free to institute suit under 41 U.S.C. § 605(c)(5) in 1979, and 28 U.S.C. § 2501 would bar such litigation after 1985. In 1983, prior to the time any 41 U.S.C. § 605(c)(5) suit became time barred, plaintiff obtained an actual decision(s), on its still pending claims, from the contracting officer. Such a decision, received on a claim not otherwise time barred, brings the specific 12 month limitation of 41 U.S.C. § 609(a)(3) into operation. *Z.A.N. Co. v. United States,* 6 Cl.Ct. 298 (1984). However, plaintiff filed suit within 12 months of its receipt of the contracting officer's actual decision(s). This litigation does not involve a situation where a decision was rendered only after a direct access suit on the claim was time barred. *See Marr v. United States,* 123 Ct.Cl. 474, 106 F.Supp. 204 (1952), *cert. denied,* 345 U.S. 956, 73 S.Ct. 937, 97 L.Ed. 1377 (1953).

### Conclusion

As the undisputed facts show that plaintiff instituted this litigation prior to the expiration of the time allowed by any applicable limitations period, it is ORDERED that defendant's motion for summary judgment is denied.