**MALISSA COMPANY, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 102–86C.**

United States Claims Court.

Dec. 31, 1986.

D. Wayne White, Alexandria, La., for plaintiff.

Stuart James, Washington, D.C., with whom was Asst. Atty. Gen., Richard K. Willard, for defendant.

## ORDER

SMITH, Chief Judge.

(1) Upon consideration of the defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, it is ordered as follows:

■ (a) The defendant's motion is denied as to the plaintiff's claim in the amount of $33,018.00. The July 10, 1985, letter from the plaintiff to the contracting officer satisfies the Contract Disputes Act (CDA), 41 U.S.C. § 605(a) requirement that a written claim be submitted requesting a final decision. The letter clearly identified the amount of monetary compensation requested, stated that it wanted the matter re-

solved within 60 days and precipitated the contracting officer issuing a final decision on September 6, 1985.

■ Prior to the July 10, 1985 letter, the plaintiff had requested a final decision by letter dated December 12, 1981. The court having decided the July 10, 1985, letter to be a valid claim declines to rule on the validity of the December 12, 1981, letter, except to note the court does not follow the holding in *Pathman Construction Co. v. United States*, 10 Cl.Ct. 142 (1986), appeal docketed, Appeal No. 86–1537 (Fed.Cir. July 30, 1986).

In *Pathman* one of the most learned and scholarly members of this court found that the failure of the contracting officer to issue a decision within 60 days of the claim triggered the 12 month statute of limitations in 41 USC § 609(a)(3). In analyzing four prior decisions of this court on this matter my colleague correctly found a significant division of rationale for these decisions. *See LaCoste v. United States*, 9 Cl.Ct. 313 (1986); *Turner Construction Co. v. United States*, 9 Cl.Ct. 214 (1985); *Vemo Co. v. United States*, 9 Cl.Ct. 217 (1985); *G & H Machinery v. United States*, 7 Cl.Ct. 199 (1985). As a body of law, they provided no single coherent reason for not applying the 12 month statute of limitations, once the contracting officer has failed to reach a decision within 60 days. Judge Miller then provided an insightful and logical statutory analysis of why the statutory language and legislative history argued for a result contrary to that reached in the four decisions.

With Judge Miller's detailed and well reasoned analysis, however, I must disagree. *Pathman* provides two categories of arguments in favor of applying the statute of limitations from the period of 60 days after the failure to get a decision or the "deemed" decision. The first category finds the legislative intent for such application in the language of the statute. The opinion notes:

First, if the adverse decision deemed to have been made by the contracting officer's failure to act by the date required

were not in fact a decision subject to the same restrictions as any other decision, the first sentence of § 605(c)(5) would contain unnecessary and useless language. That sentence, which now reads—

Any failure by the contracting officer to issue a decision on a contract claim within the period required will be deemed to be a decision by the contracting officer denying the claim and will authorize the commencement of the appeal or suit on the claim as otherwise provided in this chapter.

would mean exactly the same as—

Any failure by the contracting officer to issue a decision on a contract claim within the period required ~~will be deemed to be a decision by the contracting officer denying the claim and~~ will authorize the commencement of the appeal or suit on the claim as oth-er-wise provided in this chapter.

Why would Congress have put in such language if it were not meant to have any effect?

10 Cl.Ct. at 147.

The answer to Judge Miller's point is that "will be deemed to be a decision by the contracting officer denying the claim" does add to the statute. It makes it clear that the failure to act not only triggers a right to appeal or sue, but triggers such a right *in the very same way* as does an adverse decision. Certainly it is reasonable to assume that Congress understood in this somewhat technical and complex area, where unexpected consequences have occurred in the past, and where a new system of dispute resolution was being instituted, that spelling out its meaning in detail was useful, if not necessary.

The second category of argument deals with the congressional intent as expressed in the legislative history of the Contract Disputes Act. Judge Miller makes it clear that, one of the key purposes behind shortening the statutory period was, to reduce delay in the decision process. With his analysis in this respect, I am in full agreement. However, my reading of the effect of his interpretation is that it would be contra to the legislative intent of the statute.

The purpose of allowing suit or appeal within 60 days of the filing of a claim in the event of no decision is to provide the contractor with a remedy if the government delays. In this sense the remedy is a one-sided remedy. The government always has within its control the power to issue the contracting officer's decision within the 60 day period. Section 605(c)(5) gives to the contractor a counterveiling power, to sue if a decision is not issued within that 60 day period. By adding a second side to the remedy *Pathman* distorts this congressional purpose. It turns a power into a duty where in fact the duty serves neither the interests of the government nor of the contractors.

Finally, the interpretation of the statute of limitations in *Pathman* may well serve to encourage litigation. It puts a mandatory end to the sometimes fruitful negotiation period preceding the contracting officer's decision. Both contracting officer and contractor have to be cognizant of the 12 month deadline as soon as 60 days have run. This certainly changes the dynamics of post-claim settlement negotiations at the administrative level. It will also surely cause more filings at the Boards and in our court. While this may be a good thing or a bad thing it is a decision that Congress, not this court, should make. I am persuaded by the legislative history that Congress has not made that decision and I must therefore disagree with the logic of *Pathman*. I further do not think Congress would have made a decision which inevitably discourages pre-litigation settlements in many complex cases where it is unreasonable to expect an adequate contracting officer's decision within 60 days of the filing of the claim. Far from being an ideal method of dispute resolution, litigation is, and should be the last hope, the final resort of civil men and women.

■ (b) The plaintiff's claim in the amount of $17,500,000.00 is dismissed with prejudice. This claim is based on loss of a future contract caused by the defendant's

alleged fraudulent conduct. Lost profits on future contracts are too speculative in nature and lack the necessary direct nexus to the breached contract, which this court requires to assume jurisdiction. *H.H.O., Inc. v. United States*, 7 Cl.Ct. 703, 707 (1985).

(c) The plaintiff has voluntarily withdrawn its $500,000.00 claim for punitive damages based on mental anguish.

(d) The plaintiff's claim in the amount of $50,000.00 is dismissed without prejudice. The plaintiff's claim for attorney's fees is premature at this stage of the proceedings.

(2) Per the court's oral order at the November 14, 1986 hearing, the defendant is to respond to plaintiff's cross-motion for summary judgment by December 23, 1986, and file a proposed briefing schedule at that time, if they intend to file a motion for summary judgment. The plaintiff's Reply is to be filed by January 13, 1987. Upon receipt of the briefs, the court shall schedule the matter for argument.