William W. THOMAS, Jr.,
pro se, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 95–290C.

United States Court of Federal Claims.

Nov. 22, 1995.

William W. Thomas, Jr., Spottswood, VA, pro se.

S. Lane Tucker, Washington, DC, with whom was Assistant Attorney General Frank W. Hunger, for defendant.

### ORDER

MILLER, Judge.

This matter is before the court on defendant's motion to dismiss the complaint pursuant to RCFC 12(b).[1] The issue to be resolved is whether plaintiff has raised in a timely manner claims related to the lease of a Post Office facility. Argument is deemed unnecessary.

### FACTS

The following facts are undisputed, unless otherwise noted. On August 19, 1985, the United States Postal Service (the "USPS") advertised for bids to lease existing space in Spottswood, Virginia. William W. Thomas, Jr. ("plaintiff"), submitted the only responsive proposal, which the USPS accepted. On November 18, 1985, plaintiff signed an Agreement To Lease, which was accepted by the USPS, on December 27, 1985. Thereafter, the USPS accepted a Modification of Agreement To Lease on November 12, 1986,

and entered into the lease on November 17, 1986, for a 15–year period beginning October 1, 1986, with two 5–year renewal options.[2]

Although the parties disagree as to the circumstances surrounding formation and duration of the lease, they nevertheless do not disagree that the USPS paid rent on the premises for more than 8 years, including, at a minimum, the period from October 1, 1986, until March 30, 1994. Since the beginning of that period, plaintiff has challenged the validity of the lease due, in part, to alleged deficiencies associated with signage and the "parking configuration" requirements for the premises. Compl. filed Apr. 17, 1995, ¶¶ 3–5, 8. In a letter to then-Postmaster General Anthony Frank dated February 14, 1992, plaintiff demanded compliance with particular conditions of the lease and presented claims for actual damages in the amount of $61,349.23 and punitive damages in the amount of $750,000.00. Plaintiff further stated that if his demands were not met, he would require the USPS to vacate the premises effective March 1, 1992.

In a letter dated February 25, 1992, to Thomas Coe of the Office of Postmaster General, plaintiff recounted their two telephone conversations of February 24, 1992, during which plaintiff's demands in his February 14 letter apparently were discussed. According to plaintiff's letter, he was "giving notice" that, if his earlier demands were not met and the USPS had not vacated the premises by March 1, 1992, effective as of that date the USPS would be treated as a tenant-at-will and charged rent of $100.00 per day. The March deadline passed without event.

Interpreting the February 14, 1992 letter as a claim, Chester R. Hansen, the USPS Contracting Officer on the contract, responded in a "final decision" letter dated February 28, 1992.[3] Mr. Hansen's letter set forth both

---

1. Plaintiff's response styled as a request for summary judgment has been treated as an opposition to defendant's motion; otherwise, plaintiff would have waived his right to oppose.

2. Plaintiff denies signing both the Modification of Agreement To Lease and the Lease itself and insists that the USPS lease was invalid, while defendant contends that "the USPS had a valid lease agreement." Def's Br. filed Aug. 18, 1995, at 4. Putting aside the inherent inconsistency in

plaintiff's position, the court presumes that the parties' lease was valid for purposes of resolving the motion to dismiss, since apparently there would be no contract to dispute if such were not the case.

3. Mr. Hansen's letter did not address plaintiff's February 25, 1995 letter, presumably because the letter had not yet been received.

the finality and appealability of the decision, as well as the 12–month limitations period during which legal action challenging the decision might be taken pursuant to the Contract Disputes Act of 1978, 41 U.S.C.A. § 605(a) (West Supp.1995) (the "CDA"). By letter of July 2, 1992, plaintiff responded to Mr. Hansen's letter reiterating his view that the USPS occupied the premises as "Tenants at Suffrage since March 1, 1992 and will be charged $100 per day, payable to [plaintiff] ... effective that date." Def.'s Br. filed Aug. 18, 1995, at App. 10. Plaintiff took no legal action, and the 12–month period expired.

The USPS continued to occupy the premises until at least March 30, 1994.[4] By letter dated April 21, 1994, Marcus K. Nielsen, the new Contracting Officer, notified plaintiff that the USPS was terminating the lease effective April 1, 1994, pursuant to provisions in the lease requiring the lessor to maintain the premises. Mr. Nielsen's letter indicated the decision to terminate the lease was final and appealable to the Court of Federal Claims within 12 months. Plaintiff instituted this action on April 17, 1995, seeking back rent for the premises, lost rent for additional properties which allegedly could not be leased as a result of actions by the USPS, and compensation for lost property. Defendant moved to dismiss the complaint because plaintiff had not filed his complaint within 12 months after the USPS' letter dated February 28, 1994. Plaintiff responded with a cross-motion, *see supra* note 1, asserting that his complaint was filed within 12 months of the USPS' April 21, 1994 letter terminating the lease. In reply defendant contended that plaintiff did not file a complaint challenging cancellation of the lease within the required 12–month period; rather, the complaint sought damages relating to the tenancy-at-will for which plaintiff had not submitted a claim.

## DISCUSSION

■ In ruling on defendant's motion to dismiss, this court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236–37, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974), and *Catawba Indian Tribe v. United States,* 982 F.2d 1564, 1568–69 (Fed.Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2995, 125 L.Ed.2d 689 (1993)). The non-moving party bears the burden of establishing jurisdiction. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988). In ruling on a motion to dismiss for lack of jurisdiction, the court is not confined to an examination of the complaint, but may take into account "evidentiary matters outside the pleadings." *Indium Corp. of America v. Semi–Alloys, Inc.,* 781 F.2d 879, 884 (Fed.Cir.1985), *cert. denied,* 479 U.S. 820, 107 S.Ct. 84, 93 L.Ed.2d 37 (1986).

■ As a *pro se,* plaintiff need not plead like a lawyer. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972); *Roche v. USPS,* 828 F.2d 1555, 1558 (Fed.Cir.1987). A *pro se* complaint "must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976) (quoting *Haines,* 404 U.S. at 520–21, 92 S.Ct. at 595–96). Affording plaintiff this added benefit of doubt, the court has attempted to ascertain whether plaintiff "has a cause of action somewhere displayed," *Ruderer v. United States,* 188 Ct.Cl. 456, 468, 412 F.2d 1285, 1292 (1969), *cert. denied,* 398 U.S. 914, 90 S.Ct. 1716, 26 L.Ed.2d 77 (1970), and has extended plaintiff all the latitude to which he is due.

### 1. *Plaintiff's claim for rent due*

■ As the Federal Circuit recently held in *Reflectone, Inc. v. Dalton,* 60 F.3d 1572 (Fed.Cir.1995) (en banc), a "claim" for money under the CDA requires three elements: "that it be (1) a written demand, (2) seeking, as a matter of right, (3) the payment of money in a sum certain." *Id.* at 1575 (interpreting Federal Acquisition Regulation 33.201, 48 C.F.R. § 33.201 (1994)). The

---

**4.** Plaintiff alleges that the USPS vacated the premises on or about April 10, 1994, but the difference is not material to the decision.

court's jurisdiction therefore is grounded on submission of a claim meeting these requirements. Likewise, a final decision by a contracting officer on a claim is a jurisdictional prerequisite to an action in this court. *See Reflectone*, 60 F.3d at 1575; *see also Sharman Co. v. United States*, 2 F.3d 1564, 1568–69 (Fed.Cir.1993).

■ Plaintiff's complaint seeks $76,100.00 ($100.00 × 761 days) for rent due for the period between March 1, 1992, and April 10, 1994. However, plaintiff has failed to provide any showing that he submitted a claim to the USPS for this amount or that the USPS denied such a claim. Pursuant to 41 U.S.C. § 605(a): "All claims by a contractor against the government relating to a contract shall be in writing and shall be submitted to the contracting officer for a decision."

The complaint directs the court to the letter dated February 25, 1992, from plaintiff to Mr. Coe, wherein plaintiff gave notice that "[i]f the tenancy-at-will of the USPS continues, then effective March 1, 1992 the rent is One hundred ($100) dollars per day." Compl. at 89. Presuming delivery and receipt of this letter, the court concludes that plaintiff effectively notified the USPS of his intent to change the amount of rent due in the near future. However, the letter did not demand as of right a sum certain for rent due for the period covering March 1, 1992, through April 10, 1994. Plaintiff has not provided the court with any other evidence to support a finding that such a claim had been submitted prior to his instituting suit. Therefore, under the CDA, the court lacks jurisdiction over this claim.

### 2. *Plaintiff's remaining claims*

■ Suit under the CDA must be brought within 12 months of the date of the contracting officer's final decision. 41 U.S.C. § 609(a) provides, in relevant part, as follows:

(1) [A] contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

. . . .

(3) Any action under paragraph (1) . . . shall be filed within twelve months from the date of the receipt by the contractor of the decision of the contracting officer concerning the claim. . . .

Plaintiff's remaining claims stem from matters raised in his letter of February 14, 1992, to then-Postmaster General Anthony Frank. Plaintiff's letter made certain demands with respect to obligations that the USPS allegedly incurred in conjunction with its tenancy. On the face of the letter, plaintiff appears to have been claiming damages arising either directly or consequentially from matters involving signage and the "parking configuration" at the premises.

Mr. Hansen, as Contracting Officer, properly treated this letter as a claim against the USPS. *See Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 592 (Fed.Cir.1987) (recognizing CDA claim from letters requesting payment); *Malissa Co., Inc. v. United States*, 11 Cl.Ct. 389, 390 (1986) (same).[5] In denying plaintiff's claim, Mr. Hansen's "final decision" letter of February 28, 1992, informed plaintiff both the finality of his decision and the 12–month filing deadline mandated by the CDA. The USPS thereby fulfilled its obligation pursuant to 41 U.S.C. § 605(a) to notify plaintiff of his appeal rights. As has been noted, this 12–month period expired without appeal.

■ Plaintiff contends that Mr. Nielson's letter of April 21, 1994, on behalf of the USPS, served to initiate a new 12–month period for bringing this action. However, the April 1994 letter does not respond to any claim made by plaintiff. To the extent that this letter purports to be an appealable decision, at most it relates to the matter discussed therein, *i.e.*, termination of the lease with plaintiff. As the opening sentence

---

**5.** Plaintiff is presumed to have satisfied the certification requirements as to his good faith and authority, the accuracy and completeness of supporting data, and the accuracy of the amount claimed. *See* 41 U.S.C.A. § 605(c)(1). Dismissal of plaintiff's claims is therefore not predicated on this ground, although jurisdiction would likewise be lacking over an improperly certified claim. *See Contract Cleaning*, 811 F.2d at 590.

plainly indicates, the letter served to notify plaintiff "that the Postal Service has terminated the lease" for the premises. None of plaintiff's claims is relevant to the issue of termination or any damages suffered as a consequence thereof. Because plaintiff's present claims arise from substantially the same claims previously denied by the final decision letter of February 28, 1992, they are time barred.

3. *Plaintiff's motion to amend*

Plaintiff moved to amend his complaint on September 28, 1995. However, the requested amendment seeks only to clarify that plaintiff's complaint was filed in response to Mr. Nielsen's letter of April 21, 1994. Allowing such an amendment would be futile. An amendment's futility "may justify the denial of a motion for leave to amend." *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403–04 (Fed.Cir. 1989). None of plaintiff's claims arises from the actions described or the decision made in the April 21, 1994 letter upon which plaintiff seeks to rely in order to demonstrate that a complaint based on a claim was filed within 12 months of this letter.[6]

### CONCLUSION

Defendant's motion to dismiss is granted, and plaintiff's request to amend the complaint is denied. The Clerk of the Court shall dismiss the complaint without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

---

6. Plaintiff was given leave to file a sur-reply. It shed no relevant light.