**MITSUI FOODS, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

No. 88–1427.

United States Court of Appeals,
Federal Circuit.

Feb. 8, 1989.

Herbert E. Harris, II, and Cheryl Ellsworth, of Harris & Berg, Washington, D.C., argued for plaintiff-appellant.

Kenneth N. Wolf, of the Commercial Litigation Branch, Dept. of Justice, New York City, argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, and Joseph I. Liebman, Attorney in Charge, Intern. Trade Field Office.

Before FRIEDMAN, SMITH and ARCHER, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

In this classification case, the United States Court of International Trade held that certain canned tuna from Japan, imported into the Customs territory of the United States by Mitsui Foods, Inc. (Mitsui), was properly classified by the United States Customs Service (Customs) as "[t]una * * * [o]ther," under item 112.34, Tariff Schedules of the United States (TSUS).[1] We affirm.

## Issues

Three issues are presented on appeal: First, whether the Court of International Trade erred, as a matter of law, by holding that the phrase "United States pack of canned tuna * * * as reported by the National Marine Fisheries Service," as used in item 112.30, TSUS, does not include tuna packed in American Samoa; second, whether the Court of International Trade abused its discretion by denying Mitsui's "Motion for Leave to Amend and Supplement the Complaint"; and, third, whether the Court of International Trade erred by sustaining Customs' classification of Mitsui's canned tuna under item 112.34, TSUS.

## Background

Mitsui, the importer of record, imported from Japan and entered into the Customs territory of the United States certain canned tuna, not packed in oil, weighing not more than 15 pounds per can. Upon liquidation, Customs classified the merchandise under item 112.34, TSUS, and assessed it with duty at the rate of 12.5 per centum *ad valorem*. Subsequently, on December 18, 1984, Mitsui timely protested before Customs this classification and liquidation contending that the imported merchandise was properly classified and liquidated under item 112.30, TSUS, and should be assessed duty at the rate of 6 per centum *ad valorem*. On November 8, 1985, Customs denied Mitsui's protest.

Mitsui, on June 4, 1986, brought action in the Court of International Trade protesting Customs' classification and liquidation. Mitsui moved for summary judgment and the United States (Government) opposed that motion and cross-moved for summary judgment. In addition, Mitsui moved, pursuant to Rule 15 of the Rules of the United States Court of International Trade,[2] for leave to amend and supplement its complaint for purposes both of adding an additional claim for relief and of alleging an alternative jurisdictional ground.

On March 30, 1988, the Court of International Trade, determining "United States pack" did not include tuna packed in American Samoa, concluded that Mitsui's merchandise was properly classified under item 112.34, TSUS. In making its interpretation, the Court of International Trade analyzed the plain language of item 112.30, TSUS, the interpretation given by Customs, and the statute's legislative history. On the basis of this analysis, the Court of International Trade, both denying Mitsui's motions for summary judgment and to amend and supplement its complaint and granting the Government's motion for summary judgment, sustained Customs' classification of the merchandise under item 112.34, TSUS.

## Analysis

A. *"United States [P]ack," as Used in Item 112.30, TSUS, Does Not Include Tuna from American Samoa*

■ Schedule 1, Part 3, Subpart C, of the Tariff Schedules of the United States provides, in part, the following:

Subpart C—Fish in Airtight Containers
Fish, prepared or preserved in any manner, not in oil, in airtight containers:

* * * * * *

Tuna [Item 112.30]:
In containers weighing with their contents not over 15 pounds each, and not the product of any insular possession of the United States, for an aggregate quantity entered in any calendar year not to exceed 20% of the United States pack of canned tuna during the

---

1. *Mitsui Foods, Inc. v. United States,* 688 F.Supp. 605, (C.I.T.1988).

2. This rule comports with Fed.R.Civ.P. 15.

immediately preceding calendar year, as reported by the National Marine Fisheries Service. ....... 6% ad val.
Other [Item 112.34] ..... 12.5% ad val.

Mitsui contends that "United States pack," as it appears in item 112.30, TSUS, includes tuna packed in American Samoa. If, as Mitsui argues, "United States pack" includes tuna packed in American Samoa, the tariff rate quota of item 112.30, TSUS, would increase proportionately and Mitsui's merchandise may become eligible to enter the Customs territory of the United States at the lower duty rate of 6 per centum *ad valorem* under item 112.30, TSUS, rather than at the 12.5 per centum *ad valorem* duty rate under item 112.34, TSUS.

For the reasons set forth in the Court of International Trade's opinion, which reasoning we adopt as our own, we hold that the phrase "United States pack of canned tuna * * * as reported by the National Marine Fisheries Service," as used in item 112.30, TSUS, does not include tuna packed in American Samoa. Customs' interpretation of this language in item 112.30, TSUS, does not contravene any clearly discernible legislative intent and is "sufficiently reasonable"; therefore, we accord substantial weight to that interpretation.[3] We have considered Mitsui's arguments to the contrary and find them unpersuasive.

B. *Denying Mitsui's Motion to Amend Its Complaint Was Not an Abuse of Discretion*

■ Mitsui, in its initial complaint, argued that the National Marine Fisheries Service had understated the United States pack of canned tuna in 1983. Although this contention was made in its initial complaint, Mitsui failed to seek therein specific relief on that basis. Notwithstanding this failure, Mitsui, pursuant to Rule 15(a), in a timely "Motion for Leave to Amend and Supplement the Complaint," sought to add an additional prayer for relief that would "direct the National Marine Fisheries Service to revise its calculation of the United States pack of canned tuna for 1983 so as to accord with certified data compiled by the International Trade Commission, and directing the Customs Service to revise the quota for 1984 commensurately." The Court of International Trade denied Mitsui's motion in light of its interpretation of item 112.30, TSUS, that the phrase "United States pack," as it appears in that statute, does not include tuna packed in American Samoa.

Mitsui argues that the Court of International Trade abused its discretion when it denied Mitsui's motion to amend its complaint. Mitsui cites an apparent discrepancy between the figure for the 1983 United States pack of canned tuna as reported by the National Marine Fisheries Service and that same figure as reported by the International Trade Commission. Because this claim for relief raises an issue that is separate and distinct from the issue whether the phrase "United States pack" properly includes tuna packed in American Samoa, Mitsui contends that, by denying Mitsui's motion to amend, the Court of International Trade abused its discretion by effectively denying Mitsui the opportunity to have its claim of injury decided on the merits. Although it may be argued technically that the trial judge abused his discretion by not declaring his reasons for denying Mitsui's motion to amend, we are not persuaded that he abused his discretion in so doing, for the reasons stated below.

It is well established that the grant or denial of an opportunity to amend pleadings is within the discretion of the trial court. Although, in the context of Rule 15(a), that discretion should be exercised liberally to permit such amendments, the existence of such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" may jus-

---

**3.** *See Kelley v. Secretary, United States Dep't of Labor,* 812 F.2d 1378, 1380 (Fed.Cir.1987) (citing *Zenith Radio Corp. v. United States,* 437 U.S. 443, 450, 98 S.Ct. 2441, 2445, 57 L.Ed.2d 337 (1978); *American Lamb Co. v. United States,* 785 F.2d 994, 1001 (Fed.Cir.1986)).

tify the denial of a motion for leave to amend.[4]

The plain language of item 112.30, TSUS, is clear that Customs only may assess duties at the rate of 6 per centum *ad valorem* on canned tuna "not to exceed 20% of the United States Pack * * * as *reported by the National Marine Fisheries Service.*" (Emphasis supplied.) Here, Customs, in calculating the tariff rate on Mitsui's tuna, used the figures for the United States pack as reported by the National Marine Fisheries Service. Notwithstanding the apparent discrepancy between the figure for the 1983 United States pack of canned tuna as reported by the National Marine Fisheries Service and that same figure as reported by the International Trade Commission, Mitsui has not alleged, and we cannot hold, that Customs erred by using that former figure. Even if Mitsui's motion was granted and the amendment permitted, the Court of International Trade's decision and judgment still would be correct. On the basis of the *apparent* futility of Mitsui's proposed amendment, we cannot conclude that the Court of International Trade abused its discretion by denying leave for that amendment.

### Conclusion

In view of the foregoing, we hold the Court of International Trade correctly sustained Custom's interpretation of item 112.-30, TSUS, that "United States pack" does not include tuna packed in American Samoa. In addition, we hold that the Court of International Trade did not abuse its discretion by denying Mitsui, pursuant to Rule 15(a), leave to amend its complaint. Accordingly, the grant of summary judgment by the Court of International Trade holding that certain canned tuna from Japan, imported by Mitsui, was properly classified under item 112.34, TSUS, is affirmed.

AFFIRMED.

4. *Foman v. Davis,* 371 .U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).