NATIONAL HAND TOOL CORP., PLAINTIFF *v.*
UNITED STATES, ET AL., DEFENDANT

Court No. 89–11–00636

(Decided November 26, 1990)

*Skadden, Arps, Slate, Meagher & Flom (Rodney O. Thorson)* for plaintiff.

*Stuart M. Gerson*, Assistant Attorney General, *Joseph I. Liebman*, Attorney in Charge, International Trade Field Office, United States Department of Justice, *(Barbara M. Epstein)*.

DiCARLO, *Judge*: National Hand Tool (NHT) moves pursuant to Rule 15(a) of the Rules of this Court for leave to amend its complaint. As the proposed amendments encompasses matters over which the Court does not yet have jurisdiction, the motion is denied.

BACKGROUND

On July 25, 1989, Customs issued a headquarters ruling excluding NHT's imports of steel forgings used in the production of socket wrench sets from the requirement that they be marked with their country of origin. *See* 19 U.S.C. § 1304 (1988); 19 C.F.R. part 134. Despite this ruling, the Customs office in Dallas issued six marking/redelivery notices between August and October of 1989 and four in June of 1990. With respect to all but one class of merchandise, NHT has successfully protested or negotiated a settlement regarding all the entries involved.

The Dallas Customs office has now requested its headquarters to reconsider or clarify the ruling. On being notified of the Dallas office's request, NHT moved to amend its original complaint to seek declaratory relief under 28 U.S.C. § 2201 (1988) and preimportation review under 28 U.S.C. § 2631(h) and (i) (1988). NHT maintains a continuing pattern of harassment by the government makes the amendment necessary and proper. The government opposes arguing the relief sought in the amendments is not within the Court's subject matter jurisdiction.

DISCUSSION

The grant or denial of an opportunity to amend pleadings is within the discretion of the trial court. *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403, *reh'g denied*, 1989 US App LEXIS 3246 (Fed. Cir. 1989). Rule 15(a) of the Rules of this Court provides in part that leave to amend a complaint "shall be freely given when justice so requires * * *." The Court of Appeals for the Federal Circuit recently stated this "mandate" of Rule 15 is to be heeded. *Intrepid v. Pollock*, 907 F.2d 1125, 1128 (Fed. Cir. 1990) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Mitsui Foods*, 867 F.2d at 1403 (discretion should be exercised liberally to permit amendment).

NHT's amended complaint adds a prayer for declaratory relief pursuant to 28 U.S.C. § 2201 (1988) as well as preimportation review under 28

U.S.C. § 2631(h) and (i) (1988). The Court must consider whether the additional actions in the amended complaint fall within its subject matter jurisdiction. *Saint Paul Fire & Marine Ins. Co. v. United States*, 14 CIT 43, 729 F. Supp. 1371, 1373, *appeal docketed*, No. 90-1343 (Fed. Cir. 1990) (appealing Mar. 20, 1990 unpublished order denying motion for rehearing).

> Under section 1581(h) this court has jurisdiction over any civil action commenced to review, prior to importation of the goods involved, *a ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling*, relating to classification * * *, but only if the party commencing the civil action demonstrates to the Court that he would be irreparably harmed unless given an opportunity to obtain judicial review prior to such importation.

28 U.S.C. § 1581(h)(1988)(emphasis added). This provision requires a ruling or a refusal to rule before for the court has jurisdiction over the matter. *American Air Parcel Forwarding Co. v. United States*, 2 Fed. Cir. (T) 1, 7, 718 F.2d 1546, 1551-52, (1983) *cert. denied*, 466 U.S. 937 (1984). As Customs has not yet completed its reconsideration of the headquarters ruling favoring NHT, it appears NHT's amendments are directed at either precluding Customs' reconsideration of that ruling or dictating the outcome of Customs' internal reconsideration process.

In order to invoke jurisdiction under 28 U.S.C. § 15181(h) (1988), plaintiff bears the burden of proving jurisdiction is proper. *See Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Until customs acts on the Dallas office's request, there is no "ruling issued by the Secretary of the Treasury, or a refusal to issue or change such a ruling" as required by section 1581(h). As plaintiff presently cannot establish the existence of a ruling within the meaning of section 1581(h), the motion to amend to include a cause of action under section 2631(h) is premature. Plaintiff's motion is, therefore, denied.

Jurisdiction under 28 U.S.C. § 1581(i) (1988) is not available where jurisdiction under another subsection of section 1581 is or could have been available unless the remedies provided under that avenue of relief are manifestly inadequate. *Miller & Co. v. United States*, 5 Fed. Cir. (T) 122, 124, 824 F.2d 961, 963 (1987) *cert. denied* 484 U.S. 1041 (1988). Congress provided for preimportation judicial review under 28 U.S.C. § 1581(h) (1988). As another jurisdictional section provides the appropriate means of invoking the court's jurisdiction over future entries, the motion to amend to include a cause of action under section 2631(i) is denied.

NHT also moves for declaratory relief under 28 U.S.C. § 2201 (1988). That provision provides in part:

> In a case of actual controversy within its jurisdiction * * * any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201 (1988). The Declaratory Judgment Act provides the court with the discretion to grant declaratory relief, *Goodyear Tire & Rubber Co. v. Releasomers, Inc.*, 824 F.2d 953, 956-57 n.7 (Fed. Cir. 1987) (citing *Public Affairs Press v. Rickover*, 369 U.S. 111, 112 (1962)), it does not expand the court's jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *PPG Indus., Inc. v. United States*, 12 CIT 763, 696 F. Supp. 650, 655 (1988). Having found it presently lacks jurisdiction over NHT's future entries, the Court may not issue declaratory judgment under 28 U.S.C. § 2201 (1988).

Further, the Court notes that had it found jurisdiction, it would not have exercised its discretion to grant declaratory relief because the relief sought is overly broad. If it granted the desired relief, the Court would, in effect, be requiring the future entry of unmarked steel forgings which may not be exempt from the marking requirement. *See Outlet Book Co. v. United States*, 14 CIT 458, 743 F. Supp. 881, 888 (1990).

In deciding whether to grant declaratory relief, the Court must "strike a proper balance between the needs of the plaintiff and the consequences of giving the desired relief. Especially where governmental action is involved, courts should not intervene unless the need for equitable relief is clear, not remote or speculative." *Eccles v. Peoples Bank*, 333 U.S. 426, 431, *reh'g denied*, 333 US 877 (1948). In this case, the need for declaratory relief is remote and speculative. To date, Customs has not taken any action adversely affecting NHT's future imports. Customs has merely asserted its authority to inspect merchandise as it is entered to determine whether it complies with the law and regulations regarding marking. NHT's citation to *Alexander v. "Americans United", Inc.*, 416 U.S. 752, 762 (1974) does not further its argument. In *"Americans United"*, plaintiff challenged the Internal Revenue Service's revocation of a prior ruling making it exempt from the payment of federal unemployment taxes and allowing its contributors to make tax-deductible contributions. Plaintiff sought declaratory judgment and injunctive relief. The Supreme Court dismissed the complaint finding the action was barred by the Anti-Injunction Act. In dismissing the action, the Court stated "respondent will have a full opportunity to litigate the legality of the Service's withdrawal of * * * [the] ruling letter in a refund suit following the payment of FUTA taxes." *Id.* at 762.

### CONCLUSION

Questions have been raised regarding the willingness of Customs' Dallas office to follow headquarters rulings. Nevertheless, the Court finds it presently lacks jurisdiction under 28 U.S.C. § 1581(i) and (h) (1988) to grant the requested relief. In addition, the Court will not attempt to fashion a declaratory judgment which would limit Customs' authority to inspect NHT's entries and make judgments on whether those entries have been imported in compliance with law and Customs regulations. Plaintiff's motion is denied.