BEEKMAN PAPER CO., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 86-03-00345

(Dated September 12, 1991)

*Soller, Singer and Horn, (Gerald B. Horn* and *Ellen L. Federman),* for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, *(Barbara M. Epstein), (Chi Choy,* General Attorney, U.S. Customs Service, International Trade Litigation, Of Counsel) for defendant).

MEMORANDUM OPINION AND ORDER

I. *Introduction*:

MUSGRAVE, *Judge*: This case comes before the Court on plaintiff's motion for summary judgment. Plaintiff Beekman Paper Company ("Beekman") imported paper used in photocopying (also known as "BPF paper"), which was classified under Tariff Item 256.20, TSUS, as "writing paper." Plaintiff Beekman claims that the paper is correctly classifiable under Tariff Item 252.05, TSUS, as "basic paper to be sensitized for use in photography."[1] Plaintiff argues that summary judgment should be granted because this case falls precisely under two prior cases which decided that photocopying is a photographic process. However, because there are significant questions of fact remaining, plaintiff's motion is denied.

II. *Although Photocopying is a Form of Photography, Factual Issues Remain*:

Plaintiff argues that this paper should be classified as photocopy paper because *Tomoegawa U.S.A., Inc. v. United States,* 12 CIT 112, 681

---

[1] Plaintiff also claims that the paper is classifiable under Tariff Item 256.13, TSUS, as "basic paper to be sensitized for use in photography" which is cut to size or shape. Plaintiff's Memorandum of Facts and Law in Support of its Motion for Summary Judgment, ("Plaintiff's Memo") at 2, Defendant's Memorandum in Support of Its Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Opposition"), at 3, fn. 3.

F. Supp. 867 (1988), *aff'd in part and vacated in part*, 7 Fed. Cir. (T) 29, 861 F.2d 1275 (1988), and *St. Regis Paper Co. v. United States*, 11 CIT 601 (1987), establish that photocopying is analogous to photography for the purposes of classification. Plaintiff argues that the paper should be reclassified under Tariff Item 256.13, TSUS, as paper to be sensitized for use in photography, because it is made for use in photocopying machines.

This Court decided in *St. Regis* that black calendared paper used to transfer an image to copy paper inside a Pitney-Bowes copy machine was classifiable under Tariff Item 252.05, TSUS, as basic paper to be sensitized for use in photography. Customs had originally classified it as "paper, not impregnated, not coated, not surface-colored, not embossed, not ruled, not lined, not printed, and not decorated: weighing over 18 pounds per ream: other," at a duty rate of 10 per cent *ad valorem*. Tariff Item 252.90, TSUS.

The *St. Regis* case stands mainly for the proposition that photocopying is a form of photography for the purposes of the tariff schedules. It does not hold that copy paper is paper to be sensitized for use in photography. *St. Regis* dealt with paper that is a step removed from the copy paper herein. The *St. Regis* paper was permanently installed in the machine to perform the task often done by the "drum" in other machines, where it was exposed to a reflected image of the page being copied. Because the paper was sensitized with zinc oxide, the electrical charge it carried dissipated where there was text on the original. This electrical image was then coated with toner, which stuck only in negatively charged areas. Positively charged copy paper was then rolled against the photomaster, thus transferring the image. The copy paper was then heated and compressed to permanently fuse the toner to the paper.

The *Tomoegawa* case held that toners and developers used in electrophotographic process were properly classifiable as photographic chemicals, under Tariff Item 405.20, TSUS.

> Toner and developer are clearly chemicals, and plaintiff has conceded this point by arguing that developer, which contains toner as an active ingredient, is alternatively classifiable under item 432.20 or 432.25, TSUS, as chemical mixtures not specially provided for. It is clear therefore, that toner and developer are chemicals utilized in a photographic process.

*Tomoegawa*, 681 F. Supp. at 874.

Plaintiff argues that under *Tomoegawa* photocopying is a photographic process, therefore the BPF copy paper is photographic paper. Defendant concedes that photocopying is a form of photography, but argues that there are significant factual issues remaining. The government argues that although *St. Regis* held that photocopying is a form of photography for the purpose of the "photomaster" paper at issue there, the BPF paper imported by Beekman is not analogous to the *St. Regis* photomaster paper.

III. *Whether the BPF Paper is Sensitized Remains to be Decided*:

Defendant argues that summary judgment should not be granted because issues remain concerning whether the paper is "sensitized" and what that term implies in this context. Defendant's definition of sensitization differs significantly from plaintiff's. The government contends that the term, as used in both conventional (silver halide) photography, and photocopying, refers to the process of making a sheet of paper photosensitive, or sensitive to light or other forms of radiant energy, and that the BPF paper is not sensitized. Defendant's Opposition, at 11–14.

This contrasts significantly with Beekman's assertion that the BPF paper is sensitized by an electrical charge just before it is exposed to the toner-laden drum. The issue of sensitization is material to this case, as sensitization is one of the distinguishing features of Tariff Item 252.05, TSUS ("basic paper to be *sensitized* for use in photography"). Plaintiff's proposed definition of sensitization does not convince the Court that the BPF paper fits snugly within the *St. Regis* case.

Defendant's Opposition brief is buttressed by two affidavits from copy paper experts, a technical service manager at Xerox Corp. and a Customs special assistant in the office of Laboratories and Scientific Services. The experts assert that the BPF paper is not sensitized. They also question whether the paper is absorbent enough to accept ink, as alleged by plaintiff. Plaintiff argues that those affidavits "are replete with statements using [the terms at issue here] loosely, in a general sense, as if that were determinative of a tariff meaning different from that which had already been assigned to these terms by this Court." Plaintiff's Reply, at 2. However, those statements, along with this Court's analysis, are sufficient to raise significant questions of material fact.

IV. *Summary Judgment*:

On a motion for summary judgment, there may be no genuine issues of material fact in dispute, as the Court cannot try issues of fact. *Carter Footwear v. United States*, 10 CIT 618 (1986); Wright, Law of Federal Courts § 99 at 664 (4th ed. 1983) (court may only determine whether there are issues to be tried). Summary judgment may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences to be drawn from those facts; if reasonable minds differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296–97 (11th Cir. 1983); *Mitsui Foods, Inc. v. United States*, 12 CIT 276, 278, 688 F. Supp. 605, 606 (1988), *aff'd*, 7 Fed. Cir. (T) 36, 867 F. 2d 1401 (1989). In addition, the party against whom the motion is made is entitled to all the favorable inferences that may be reasonably drawn from the evidence, and if when so reasonably viewed reasonable minds might reach different conclusions, the motion should be denied. *Caylor v. Virden*, 217 F.2d 739 (8th Cir. 1955).

On the undisputed facts before the Court, there remains a significant question of the inference to be drawn from the fact that the BPF paper is

electrically charged as it enters the paper path inside a photocopy machine. Giving the government's affidavits the weight they are due, the Court finds that reasonable minds might differ as to whether the paper is thus "sensitized" or not. As a result, summary judgment in plaintiff's favor would be inappropriate.

V. *Conclusion*:

After examining the evidence and law presented to support the motion for summary judgment, this Court believes that the factual issue of whether the BPF paper is "sensitized" within the meaning of the TSUS and the *St. Regis* case remains to be decided. There are significant differences between the two types of paper, their uses, and the sensitizations used. The papers are not alike, so this case does not fit snugly within the *St. Regis* holding. Also, although *Tomoegawa* holds that photocopying is a form of photography, it does not necessarily follow that copy paper is photographic paper. Finally, plaintiff has inconclusively argued that the BPF paper's chief use is in photocopying. Paper similar to the BPF paper is widely used for laser printing, for example. Whether the chief use of BPF paper is copying has not been decided. For these reasons, plaintiff's motion for summary judgment is DENIED.