**UNITED STATES of America, Plaintiff,**

**v.**

**NEMAN BROTHERS & ASSOCIATES, and Yoel Neman, Defendants.**

No. 89-07-00444.

United States Court of International Trade.

Nov. 8, 1991.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, (Anthony H. Anikeeff), (Carla Anderson Johnson, Asst. Regional Counsel, U.S. Customs Service, of counsel), Washington, D.C., for plaintiff.

Yoel Neman, pro se, for defendants.[1]

## MEMORANDUM OPINION AND ORDER

MUSGRAVE, Judge.

### I. Introduction

This case comes before the Court on Defendants' motion for summary judgment. Defendants ("Neman Brothers" or "Neman") claim that the case should be time barred by 19 U.S.C. § 1621 because they never received acknowledgement of their proposed waiver of the statute. In

---

**1.** Defendants were represented by counsel until May 23, 1991.

the alternative, defendants argue that the government's claim should be barred because the case was filed one year and one day after the proposed waiver period.

The government claims that the waiver was executed and returned, and copies of the waiver and a transmittal letter to defendants are attached to its memorandum in opposition. Plaintiff argues that a one year waiver includes the anniversary date of the waiver.

Defendants' motion is denied because significant questions of fact remain, and this matter is inappropriate for summary judgment.

## II. Facts

The government seeks to recover penalties from Neman Brothers for allegedly fraudulent entry of fabrics falsely declared as the product of Japan, between August 1, 1983 and July 27, 1984. The alleged fraud was first discovered on May 1, 1984.

During the investigation, defendants apparently agreed in October, 1987 to waive for one year the statute of limitations that was due to expire on August 1, 1988. On October 9, 1987, Neman Brothers sent Customs a letter waiving the § 1621 time limit for "one (1) year commencing August 1, 1988." Plaintiff's Exhibit 3. This letter was prepared by Neman Brothers' counsel at the time and signed by its president. In it, Mr. Leon Neman states that the waiver is "made knowingly and voluntarily be Neman Brothers & Associates in order that Neman Brothers & Associates might obtain the benefits of the orderly continuation and conclusion of an administrative proceeding currently being conducted by the U.S. Customs Service...." Plaintiff's Exhibit 3.

Although defendants and Mr. Fertman claim to attach a copy of the waiver to its motion, none was submitted to the Court. The government has produced a copy of the waiver countersigned on May 20, 1988 by John Elkins, Acting Director of the Regulatory Procedures and Penalties Division of the Customs Service, along with a letter dated May 25, 1988 transmitting the waiver back to Neman's attorney. Although Neman Brothers' attorney admits that his address is the same as that on Elkins letter, he states that he never received it. Declaration of Leonard M. Fertman, at 2.

This action was filed on August 1, 1989.

## III. Summary Judgment

■ On a motion for summary judgment, there may be no genuine issues of material fact in dispute, as the Court cannot try issues of fact. *Carter Footwear v. United States*, 10 C.I.T. 618 (1986); Wright, Law of Federal Courts § 99 at 664 (4th ed. 1983) (court may only determine whether there are issues to be tried). Summary judgment may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences to be drawn from those facts; if reasonable minds differ on the inferences arising from undisputed facts, then the court should deny summary judgment. *Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296–97 (11th Cir. 1983); *Mitsui Foods, Inc. v. United States*, 12 C.I.T. 276, 278, 688 F.Supp. 605, 606 (1988), *aff'd*, 7 Fed.Cir. (T) 36, 867 F.2d 1401 (1989). In addition, the party against whom the motion is made is entitled to all the favorable inferences that may be reasonably drawn from the evidence, and if when so reasonably viewed reasonable minds might reach different conclusions, the motion should be denied. *Caylor v. Virden*, 217 F.2d 739 (8th Cir.1955).

■ On the facts before the Court, there remains a significant question of whether the waiver was executed and returned to defendants. The Court must draw all inferences in the government's favor and give the government's affidavits the weight they are due. If the government's statements are true, then defendants did receive the executed waiver and defendants' motion for summary judgment must be denied.

## IV. One Year Waiver

Defendants argue that even if the waiver was accepted by the government, it was only for one year from August 1, 1988. The government filed this action on August

1, 1989. According to defendants, July 31, 1989 was the last day the statute of limitations was waived.

■ The government argues that statutes of limitation are construed to include the anniversary date of the accrual of the cause of action. *Lawson v. Conyers Chrysler, Plymouth & Dodge Trucks,* 600 F.2d 465 (5th Cir.1979); *Krajci v. Provident Consumer Discount Co.,* 525 F.Supp. 145 (E.D.Pa.1981) (complaint filed on anniversary date is timely); Fed.R.Civ.P. 6(a).[2] The rule has been analogized to statute of limitation waivers. *United States v. Ressler,* 576 F.2d 650 (5th Cir.1978). Defendants did not cite any precedent to support the proposition that the one year waiver does not include the anniversary date. Because Rule 6(a) of this Court is analogous to Fed.R. 6(a), and other precedent holds that the time computation method used in Fed.R. 6(a) applies to waivers, then the "anniversary" method will be used in this case. The waiver period included August 1, 1989, and the government's suit is timely.

Whether the government's cause of action accrued on the discovery of the alleged fraud (May 4, 1984), or on the first date that the alleged fraud took place (August 1, 1983) also remains to be decided. The government points out that the earliest date that the § 1621 statute of limitations would have run was August 1, 1988, for negligent or grossly negligent violations. Assuming that the waiver was accepted by the government and returned to defendants, the waiver would have been effective until August 1, 1989, the date suit was filed. Therefore, none of the government's causes of action are jeopardized by the statute of limitations.

## V. Conclusion

After examining the evidence and law presented to support the motion for summary judgment, this Court believes that the factual issue of whether the waiver was ever signed by Customs and returned to defendants remains to be decided. For this reason, defendant's motion for summary judgment is DENIED.

SO ORDERED.

---

**2.** CIT Rule 6(a) provides:
In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, or when the act to be done is the filing of a paper in court, a day on which weather or the conditions have made the office of the clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days....
U.S.C.I.T.Rule 6(a) (1991) (footnote omitted).