**Slip Op. 03-50**

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| Plaintiff, | : |
| | : Court No. |
| v. | : 01-01106 |
| | : |
| INN FOODS, INC., | : |
| | : |
| Defendant. | : |

Defendant, Inn Foods, Inc. ("Inn Foods"), moves to dismiss the Complaint filed by the United States on December 14, 2001, pursuant to USCIT R. 12(c) or, in the alternative, for summary judgment pursuant to USCIT R. 56, for failure to state a claim under 28 U.S.C. § 1582 (2000) and to file a timely complaint. The United States Customs Service ("Customs") commenced this action to recover civil penalties and unpaid duties and fees for violation of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2000). Inn Foods contends that December 13, 2001, was the last day the five-year statute of limitations under 19 U.S.C. § 1621 (2000) was waived, and argues that this action, commenced one day later, is time-barred as to all the subject entries.

**Held**: For the reasons stated below Inn Foods' motion for summary judgment is granted.

[Inn Foods' summary judgment motion is granted. Case dismissed.]

Dated: May 13, 2003

Robert D. McCallum, Jr., Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (A. David Lafer, Senior Trial Attorney, and Michael S. Dufault) for the United States of America, plaintiff.

Horton, Whiteley & Cooper (Robert Scott Whiteley and Craig A. Mitchell) for Inn Foods, defendant.

## MEMORANDUM OPINION

**TSOUCALAS, Senior Judge:** Defendant, Inn Foods, Inc. ("Inn Foods"), moves to dismiss the Complaint filed by the United States on December 14, 2001, pursuant to USCIT R. 12(c) or, in the alternative, for summary judgment pursuant to USCIT R. 56, for failure to state a claim under 28 U.S.C. § 1582 (2000) and to file a timely complaint. The United States Customs Service ("Customs")[1] commenced this action to recover civil penalties and unpaid duties and fees for violation of section 592 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1592 (2000). Inn Foods contends that December 13, 2001, was the last day the five-year statute of limitations under 19 U.S.C. § 1621 (2000) was waived, and argues that this action, commenced one day later, is time-barred as to all the subject entries.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1582 (2000).

### Standard of Review

USCIT R. 12(c) provides that any party may move for judgment on the pleadings after the pleadings are closed and if it would not

---

[1] The United States Customs Service was renamed the Bureau of Customs and Border Protection of the Department of Homeland Security, effective March 1, 2003. See H.R. Doc. No. 108-32 (2003).

delay trial. A USCIT R. 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." Herbert Abstract Co. v. Touchstone Properties, Ltd., 914 F.2d 74, 76 (5th Cir. 1990) (citations omitted). A motion for judgment on the pleadings may be granted if the moving party is entitled to judgment as a matter of law. See N.Z. Lamb Co. v. United States, 40 F.3d 377, 380 (Fed Cir. 1994). The Court may convert a motion to dismiss into a motion for summary judgment under USCIT R. 56 if it relies on evidence outside the pleadings. See USCIT R. 12(c). "On a motion for summary judgment, it is the function of the court to determine whether there are any factual disputes that are material to the resolution of the action." Phone-Mate, Inc. v. United States, 12 CIT 575, 577, 690 F. Supp. 1048, 1050 (1988) (citation omitted). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. See USCIT R. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

A ruling on a motion for judgment on the pleadings is reviewed under the same standard as a motion to dismiss under USCIT R. 12(b) for failure to state a claim. See GATX Leasing Corp. v. Nat'l Union Fire Ins. Co., 64 F.3d 1112, 1114 (7th Cir. 1995). A

district court may not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (citation omitted).

In deciding a motion to dismiss for failure to state a claim, as well as a USCIT R. 12(c) motion for judgment on the pleadings, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. Wendell v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). To avoid dismissal, however, a plaintiff must plead specific facts, and not merely conclusory allegations.

## DISCUSSION

### I. Background

The United States filed the Complaint to collect Customs duties and fees from Inn Foods for produce imported from Mexico between January 22, 1987 and January 19, 1990. See Compl. ¶ 6. Customs alleges that during this time, Inn Foods "knowingly aided and abetted" Seaveg, Ltd. ("Seaveg"),[2] also an importer of produce, in the entry or introduction of produce from Mexican suppliers to the United States through the port of Hidalgo, Texas. See id. ¶¶

---

[2] Seaveg filed for bankruptcy on October 13, 1998, and was formally dissolved on December 1, 1998. See Compl. ¶ 4.

4, 6. The Complaint claims that Inn Foods and Seaveg entered into identical contracts with "six Mexican growers in which the Mexican growers would sell Inn Foods and Seaveg produce at a prevailing market price as established by Inn Foods' parent company." Id. ¶ 7. According to Customs, both Inn Foods and Seaveg maintained accounting records and financial statements for the subject entries reflecting the actual prices paid to the Mexican growers for the produce. See id. ¶ 8. The prices declared to Customs, however, "were undervalued and did not reflect the prices actually paid to the Mexican growers." Id. The Complaint indicates that Inn Foods and Seaveg were notified of this fact by Customs in April 1989, but despite this notice, both companies continued to enter the produce in the same fashion through February 1990. See id. ¶ 10. The Complaint adds that the subject entries were

> entered or introduced, into the United States by means of material and false documents, statements, acts and/or omissions, in that Inn Foods knowingly, intentionally, and fraudulently filed or caused to be filed, and/or aided or abetted Seaveg in the filing of entry documents that contained materially false statements or omissions in violation of 19 U.S.C. §§ 1481, 1484, . . . and 1592.

Id. ¶ 11. Therefore, Customs improperly assessed the duties and merchandise processing fees in connection with the subject produce, see id. ¶¶ 12, 17, and was deprived of approximately $618,356.85 in lawful duties and $6,245.70 in appropriate fees. See id. ¶ 18.

At the request of Customs, Inn Foods waived the five-year statute of limitations defense provided in 19 U.S.C. § 1621 for a two-year period commencing on December 15, 1993, thereby extending the time in which a timely action could be brought against Inn Foods. See Def.'s Mot. for J. on the Pleadings or in the Alternative for Summ. J. ("Def.'s Mot.") at Ex. 2; Pl.'s Resp. Def.'s Mot. J. Upon the Pleadings or, in the Alternative, for Summ. J. ("Pl.'s Resp.") Attach. 1; see also Compl. ¶ 21. Inn Foods subsequently extended the waiver for three successive two-year periods commencing on the 14th day of December in 1995, 1997 and 1999. See Def.'s Mot. at 6 & Exs. 3-5. The United States contends that the December 14, 1999 waiver ("1999 waiver") was effective through December 14, 2001, see Compl. ¶ 21, while Inn Foods argues that the relevant waiver expired on December 13, 2001, just one day prior to the date that the Complaint was filed. See Def.'s Mot. at 8.

## II.  Analysis

The statute of limitations applicable to 19 U.S.C. § 1592 actions is set forth in 19 U.S.C. § 1621 providing that "[n]o suit or action to recover any duty under [19 U.S.C. § 1592] . . . or any pecuniary penalty . . . accruing under the customs laws shall be instituted unless such suit or action is commenced within five years after the time when the alleged offense was discovered." 19

U.S.C. § 1621.  The Customs entries at issue in the Complaint were made between January 22, 1987 and January 19, 1990.  See Compl. ¶ 6.   Although 19 U.S.C. § 1621 would normally render claims regarding entries made within this time period time-barred, in this particular case, Inn Foods  waived the five-year statute of limitations defense for a two-year period commencing December 15, 1993, and subsequently extended the waiver for three successive two-year periods at the request of Customs commencing on December 14, 1995, December 14, 1997 and December 14, 1999, respectively. See Def.'s Mot. at 6 & Exs. 2-5.

The 1999 waiver, at issue in this motion, specifically states that:

> Inn Foods, Inc. hereby waives the period of limitations contained in Title 19, United States Code, Section 1621, and any other applicable statute(s) of limitations with respect to Customs entries of frozen fruits and vegetables, filed with U.S. Customs during the period of May 1, 1986 through December 31, 1990, for a period from TWO YEARS, commencing on December 14, 1999.  Inn Foods, Inc. agrees that it will not assert any statutes of limitations defense in any action brought by the United States Government concerning the entries designated above with respect to the TWO-YEAR PERIOD for which the statute of limitations is hereby waived.

Id. at Ex. 5 (emphasis added).  Inn Foods argues, and the Court agrees, that the plain language of the waiver would render it effective through the eleventh hour of December 13, 2001, and that a complaint filed the next day is time-barred.

In its response, the United States relies on <u>United States v. Neman Bros. & Assocs.</u>, 15 CIT 536, 777 F. Supp. 962 (1991), for the proposition that "two-year waivers of the statute of limitations are valid through the anniversary date of the commencement of the waiver, with the first day of the waiver excluded."  Pl.'s Resp. at 2.  In <u>Neman Bros.</u>, the United States filed its complaint on the one-year anniversary from the effective date of the waiver.  <u>See</u> <u>Neman Bros.</u>, 15 CIT at 537, 777 F. Supp. at 963.  The parties in this current action propound similar arguments to those in <u>Neman Bros.</u>, where the court analogized USCIT R. 6(a)[3] to Fed. R. Civ. P. 6(a), both dealing with the computation of time, and ruled in favor of the United States since "[d]efendants did not cite any precedent to support the proposition that the one year waiver does not include the anniversary date."  <u>Neman Bros.</u>, 15 CIT at 538, 777 F. Supp. at 964.  The waiver in <u>Neman Bros.</u> was applicable for one year commencing August 1, 1988 and the action was filed on the one year anniversary date, August 1, 1989.  <u>See</u> <u>Neman Bros.</u>, 15 CIT at 536-37, 777 F. Supp. at 963-64.

The United States also references as support a string of citations, some cited in <u>Neman Bros.</u>, that found the anniversary

---

[3]    USCIT R. 6(a) provides that "[i]n computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included."

method of computation applicable to specific one-year limitation periods. See, e.g., Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (finding Fed. R. Civ. Pro. 6(a) applicable to the Antiterrorism and Effective Death Penalty Act's one-year grace period); United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that the anniversary rule should govern "[b]ecause courts do not have stopwatches in hand when deadlines draw near, and because the anniversary date is clear and predictable and therefore easier for litigants to remember, for lawyers to put in their tickler files, and for courts to administer"); Lawson v. Conyers Chrysler, Plymouth, & Dodge Trucks, Inc., 600 F.2d 465, 465-66 (5th Cir. 1979) (finding the anniversary method applicable to the one-year limitation period under the Truth and Lending Act since courts consistently used the anniversary method prescribed by Fed. R. Civ. Pro. 6(a) in computing federal statutory time limits); see also Krajci v. Provident Consumer Discount Co., 525 F. Supp. 145, 150 (E.D. PA 1981) (holding that "[w]here no contrary policy is expressed in a particular statute, considerations of liberality and leniency militate in favor of Rule 6(a)'s application"). These cases, however, do not address the issue of whether R. 6(a) of the Federal Rules of Civil Procedure or the United States Court of International Trade Rules is applicable to a waiver agreement that explicitly designates the day on which a two-year waiver agreement would begin to toll.

But for the four waiver agreements entered into by Inn Foods at the request of Customs to extend the period of time in which the United States could file a timely complaint, the applicable statute would have extinguished all of Customs' claims no later than January 20, 1995.  See Compl. ¶ 6 (stating that the last day a subject entry was made by Inn Foods was on January 19, 1990); see also Def.'s Mot. at 6.  If, therefore, the issue at bar was whether the anniversary method, as prescribed by USCIT R. 6(a), would be applicable to computing the last day on which a timely complaint could be filed as prescribed by 19 U.S.C. § 1621, then the Court would answer in the affirmative.  However, the case before the Court deals specifically with waiver agreements drafted by Inn Foods in accordance with the form and content prescribed by Treasury Regulations.  See Def.'s Mot. at 14.  See, e.g., T.D. 90-11, 24 Cust. B. & Dec. 25-26 (1990) (outlining the construction of a waiver agreement of the period of limitations prescribed under 19 U.S.C. § 1621).

A waiver is not a contract, see Florsheim Bros. Drygoods Co. v. United States, 280 U.S. 453, 466 (1930), but instead "a voluntary, unilateral waiver of a defense."  Strange v. United States, 282 U.S. 270, 276 (1931) (stating that the insertion of an agency's signature was not intended to convert a waiver into a contract, but instead, to serve a purely administrative function).

This is not to say, however, that the actual words of the waivers are not controlling. See United States v. Hitachi America, Ltd., 172 F.3d 1319, 1333-34 (Fed. Cir. 1999). Therefore, the Court must interpret the words of the waiver agreements, and may do so using contract principles. See Ripley v. Comm'r of Internal Revenue, 103 F.3d 332, 337 (4th Cir. 1996) (court used contractual interpretation to analyze consent to a waiver); Kronish v. Comm'r of Internal Revenue, 90 T.C. 684, 693 (1988) (court doing same); Piarulle v. Comm'r of Internal Revenue, 80 T.C. 1035, 1042 (1983) (court doing same).

"In interpreting the waiver . . . in terms of contract principles, courts have looked to the 'plain meaning' of the [agreement]." Tolve v. Comm'r of Internal Revenue, 2002 U.S. App. LEXIS 4731, at *7 (3rd Cir. Mar. 22, 2002); see also Aleman Food Servs., Inc. v United States, 994 F.2d 819, 822 (Fed. Cir. 1993) (stating that a court first turns to the plain language when interpreting a contract); Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed Cir. 1991) (stating that the plain language of a contract is given first consideration when interpreting written agreements). If parties to a mutual waiver dispute any terms of the agreement, then the court will interpret those terms in a manner that would reflect the objective intentions of both parties. See Firestone Tire & Rubber Co. v. United States, 444 F.2d 547, 551

(Ct. Cl. 1971) (stating that "the language of a contract must be afforded the meaning derived from the contract by a reasonably intelligent person"); Singer-Gen. Precision, Inc. v. United States, 427 F.2d 1187, 1193 (Ct. Cl. 1970) ("It is the objective manifestations which count."); see also Hitachi, 172 F.3d at 1334 (stating that "judges should not undermine . . . an agreement reached by . . . sophisticated parties").

In the case at bar, Inn Foods drafted all four waiver agreements in accordance with the applicable Treasury Decision notice. Compare Def.'s Mot. at Exs. 2-5, with T.D. 90-11, 24 Cust. B. & Dec. at 25-26. On its face, the 1999 waiver at issue explicitly states that it is applicable "for a period of TWO YEARS, commencing on December 14, 1999." See Def.'s Mot. at Ex. 5 (emphasis added). This language is unambiguous and, accordingly, this Court finds that the waiver agreement between Inn Foods and Customs explicitly stated that it was to begin on December 14, 1999, and expired at 11:59 p.m. on December 13, 2001 (two years from the effective date of the waiver). The action filed by Customs on December 14, 2001, is therefore untimely.

Even if the language in the waiver agreement was ambiguous, it is Customs' policy to count the operative date from which a waiver is to run as the date of the waiver itself. See T.D. 90-11, 24 Cust. B. & Dec. at 25 (stating that a waiver "commences from the

date of the waiver" and extends for a period of not less than two years).  Since Customs itself has drafted the format for requesting acceptance of a waiver of the period of limitations, the  Court must construe the language against Customs.  According to the applicable Treasury Decision, "the two-year period ordinarily commences from the date of the waiver, unless another commencement date is specified by the waiving party."  T.D. 90-11, 24 Cust. B. & Dec. at 25.  Therefore, in this case, tolling of the waiver began on December 14, 1999.

## CONCLUSION

Since this Court finds that the 1999 waiver explicitly states that Inn Foods extended its waiver of the period of limitations prescribed in 19 U.S.C. § 1621 for a period of two years, commencing on December 14, 1999,  such language renders the United States' Complaint, filed on December 14, 2001, untimely.  Moreover, because the waivers themselves were first attached to Defendant's Motion, and since the applicable Treasury Decision was not referenced in the pleadings, the Court will grant Inn Food's motion for summary judgment.  Judgment will be entered accordingly.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　NICHOLAS TSOUCALAS
　　　　　　　　　　　　　　　　　　　　SENIOR JUDGE

Dated:　　May 13, 2003
　　　　　　New York, New York