**Slip Op. 03-91**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

<table>
<tr><td>_____</td><td>:</td><td></td></tr>
<tr><td>UNITED STATES OF AMERICA,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Plaintiff,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td>Court No.</td></tr>
<tr><td>v.</td><td>:</td><td>01-01106</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>INN FOODS, INC.,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Defendant.</td><td>:</td><td></td></tr>
<tr><td>_____</td><td>:</td><td></td></tr>
</table>

The United States ("Government") moves this Court, pursuant to USCIT R. 59, to reconsider its opinion and judgment in United States v. Inn Foods, Inc., 2003 Ct. Intl. Trade LEXIS 49, at *1, Slip Op. 03-50 (May 13, 2003), granting defendant's motion for summary judgment and finding that the Government's complaint was time-barred. Inn Foods, Inc. ("Inn Foods") opposes reconsideration of this action because the Government failed to establish any reason that would justify reconsideration.

**Held**: For the reasons stated below, plaintiff's motion for reconsideration is denied.

[Government's motion is denied.]

Dated: July 25, 2003

Peter D. Keisler, Assistant Attorney General; David M. Cohen, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (A. David Lafer, Senior Trial Attorney, and Michael S. Dufault) for the United States of America, plaintiff.

Horton, Whiteley & Cooper (Robert Scott Whiteley and Craig A. Mitchell) for Inn Foods, defendant.

## OPINION

**TSOUCALAS, Senior Judge:** The United States ("Government") moves this Court, pursuant to USCIT R. 59,[1] to reconsider its opinion and judgment in <u>United States v. Inn Foods, Inc.</u>, 2003 Ct. Intl. Trade LEXIS 49, at *1, Slip Op. 03-50 (May 13, 2003), granting defendant's motion for summary judgment and finding that the Government's complaint was time-barred. Inn Foods, Inc. ("Inn Foods") opposes reconsideration of this action because the Government failed to establish any reason that would justify reconsideration.

The procedural background of this case is set forth in <u>Inn Foods</u>, 2003 Ct. Intl. Trade LEXIS 49, at *1, Slip Op. 03-50.

## DISCUSSION

The decision to grant or deny a motion for reconsideration lies within the sound discretion of the Court. <u>See</u> <u>Union Camp Corp. v. United States</u>, 21 CIT 371, 372, 963 F. Supp. 1212, 1213 (1997); <u>Sharp Elecs. Corp. v. United States</u>, 14 CIT 1,2, 729 F. Supp. 1354, 1355 (1990); <u>Kerr-McGee Chem. Corp. v. United States</u>, 14 CIT 582, 583 (1990); <u>V.G. Nahrgang Co. v. United States</u>, 6 CIT

---

[1] Rule 59 states, in pertinent part, that "[a] new trial or rehearing may be granted to all or any of the parties and on all or part of the issues . . . in an action tried without a jury or in an action finally determined, for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." USCIT R. 59.

210, 211 (1983). In ruling on a motion for reconsideration, the Court's previous decision will not be disturbed unless it is "manifestly erroneous." United States v. Gold Mountain Coffee, Ltd., 8 CIT 336, 337, 601 F. Supp. 212, 214 (1984). Reconsideration or rehearing of a case is proper when "a significant flaw in the conduct of the original proceeding [exists]," Kerr-McGee, 14 CIT at 583, such as

> (1) an error or irregularity in the trial; (2) a serious evidentiary flaw; (3) a discovery of important new evidence which was not available even to the diligent party at the time of trial; or (4) an occurrence at trial in the nature of an accident or unpredictable surprise or unavoidable mistake which impaired a party's ability to adequately present its case[,]

and must be addressed by the Court. Union Camp Corp., 21 CIT at 372, 963 F. Supp. at 1213 (citation omitted).

In this case, the Government argues that "reconsideration is warranted because it was the specific, written intent of the parties that [Inn Food's] two-year waiver of the statute of limitations . . . [would] be 'effective through December 14, 2001.'" Pl.'s Mot. for Recons. ("Pl.'s Mot.") at 1 (citation omitted). According to the Government, Inn Foods compiled a package of documents pertaining to this two-year waiver, and mailed it to the United States Customs Service ("Customs")[2] in August,

_____

[2] The United States Customs Service was renamed the Bureau of Customs and Border Protection of the Department of Homeland Security, effective March 1, 2003. See H.R. Doc. No. 108-32 (2003).

1999.  See id. at 4.  Included in this package was a "corporate resolution" prepared by Jack Randle, Secretary-Treasurer of Inn Foods, on August 5, 1999, stating as follows:

> A special meeting was called to order by Chairman of the Board, Fred Haas.  Other Directors in attendance were Jack Randle, Carol Randle, Gail Haas and Mike Randle.
>
> The purpose of the meeting was to obtain approval and adoption of the Certificate of Corporate Resolution in reference to authorizing issuance of the waiver of statute of limitations in the matter of U.S. Customs Case No. 1995-2305-020060-01.  The waiver is made for a two-year period commencing on December 14, 1999, and effective through December 14, 2001.

Id. at 4-5 (quoting Attach. A2).  The Government contends that this "resolution" was "adopted at Customs' request, and was sent to Customs, as a package, with the waiver," id. at 5, and, that since this waiver was drafted, pursuant to United States v. Neman Bros. & Assocs., 15 CIT 536, 777 F. Supp. 962 (1991), the language employed created a waiver that was valid through the two-year anniversary date of its commencement.  See Pl.'s Mot. at 5.  This interpretation mirrors "Inn Foods' actual intent underlying the waiver prior to the time when the waiver's scope was put into controversy by Inn Foods' filing of its motion to dismiss."  Id. at 5-6.

The Government further argues that the principle of equitable estoppel should prevent Inn Foods from asserting a position before the Court that contradicts its original written intent.  See id. at 1-2.  The Government claims that the "corporate resolution"

prepared by Inn Foods and mailed to Customs clearly "induced" the Government to believe that Inn Foods' intent was that the waiver would be effective through December 14, 2001, and that this belief was indicated in an internal letter from Customs' Chief of the Penalties Branch to the Fines, Penalties and Forfeiture Officer. See id. at 7 (citation omitted).

The Court, however, will not disturb its prior decision in Inn Foods, 2003 Ct. Intl. Trade LEXIS 49, at *1, Slip Op. 03-50, for two reasons.  First, the Court agrees with Inn Foods that the Government's present motion fails to demonstrate any grounds which would justify the reconsideration of this case, but rather seeks permission to relitigate the case.  The Court in Kerr-McGee, 14 CIT at 583, made clear that "[t]he purpose of a rehearing [or reconsideration] is not to relitigate a case." (Emphasis added). Nowhere is it alleged that any of the documents cited to by the Government in support of its current motion were recently discovered.  To the contrary, the Government admits that it had all such documents in its possession on or about August 5, 1999.  See Pl.'s Mot. at 4-5.  In light of this admission, and the fact that Inn Foods' original summary judgment motion properly framed and addressed the issue of whether the plain meaning or intent of the parties would render the waiver valid through its anniversary date, the Government is now prevented from raising this same issue and introducing new exhibits in a subsequent motion.  The Court will

not speculate as to whether the Government's failure to address the issue and include the "corporate resolution" and additional exhibits in its original response to Inn Foods' motion for summary judgment was intentional or in error. However, the Court will assert that a party cannot purposely or accidently exclude documents central to the resolution of an issue and later expect the Court to accept those same documents as grounds to reconsider its previous decision. The discretion granted to the Court by USCIT R. 59 is not intended to relieve a party from the negative implications of a calculated strategic decision or sloppy work. See North Am. Foreign Trading Corp. v. United States, 8 CIT 359, 600 F. Supp. 226 (1984), reh'g denied, 9 CIT 80, 607 F. Supp. 1471 (1985), aff'd, 783 F.2d 1031 (Fed. Cir. 1986) (holding that reconsideration is proper in certain well-established, exceptional circumstances).

Second, the letter that the Government purports to be a "corporate resolution" is in fact Minutes of a "Special Board Of Directors Meeting" held on August 5, 1999, that were compiled over a month after the execution of the waiver agreement at issue. See Def.'s Objection Pl.'s Mot. for Recons.; Pl.'s Mot. at Attachs. A-2 & A-6. Inn Foods asserts that it received the letter from the Fines, Penalties & Forfeitures Officer in Laredo, Texas, the same day on which the Directors Meeting was held. According to Inn Foods, the language contained in the Minutes (specifically that

"[t]he waiver is made for a two-year period commencing on December 14, 1999, and effective through December 14, 2001") actually reflects the language found in the letter drafted by the Customs' Chief dated June 25, 1999.  See Pl.'s Attachs. A-2 & A-5.  In other words, the letter was read into the Minutes verbatim.

The Court will not address the Government's equitable estoppel arguments because the Government failed to provide a shred of evidence demonstrating that Inn Foods actively attempted to mislead the Government or prevented the Government from bringing a timely action.  See United States v. Nussbaum, 24 CIT 185, 192, 94 F. Supp. 2d 1343, 1349  (2000) (citations omitted).  Accordingly, the Government's motion for reconsideration is denied.

_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:     July 25, 2003
           New York, New York